UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 23-mj-241 (ZMF) |
| : | |
| GREGORY MIJARES, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO MODIFY CONDITIONS OF RELEASE**

The United States of America by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to defendant Gregory Mijares' Motion to Modify Conditions of Release, ECF No. 11.  Given Mijares' aggressive, dangerous, and violent conduct at the United States Capitol on January 6, 2021, his terms of release tailored to prevent similar behavior are entirely appropriate, and the Court should deny his motion.

**FACTUAL BACKGROUND AND PROCEDURAL POSTURE**

On January 6, 2021, thousands of rioters took part in an attack on the U.S. Capitol in an effort to stop the certification of the results of the 2020 presidential election. These rioters forced their way into the U.S. Capitol building, requiring elected officials and their staff to flee or shelter in place and injuring many law enforcement officers.

The factual background for Mijares' case was previously detailed in the September 5, 2023 Statement of Facts. In short, Mijares—while wearing a gas mask and tactical vest—was one of the first rioters on January 6, 2021, to pursue police officers that were forced back from the West Plaza into the Lower West Terrace entryway to the Capitol known as the "Tunnel." While at the front of the mob swarming into the Tunnel, Mijares pulled open two sets of doors leading to a group of officers guarding the hallway into the Capitol, which allowed the mob to advance toward the

1

officers. Below is a still image from a CCV camera inside the Tunnel showing that Mijares was the first rioter to confront the police in the tunnel.



As Mijares, still at the front of the mob, grew closer to the officers and began to yell and gesture at them, the officers attempted to push Mijares back using a riot shield. Mijares responded by taking a step back and slamming his body back into the riot shield.



The other rioters then swarmed the officers, and the mob, including Mijares, began to fight for control of the Tunnel, a fight which lasted for a grueling two hours.

Mijares remained in various places in the Tunnel mob between his entry at approximately 2:41 p.m. and his exit at approximately 3:19 p.m. During that time, Mijares participated in a "heave ho" effort against officers at approximately 3:11 p.m. and assisted other rioters in coordinating the passage of riot shields that had been taken from the police between approximately 3:12 p.m. and 3:13 p.m.

Due to his participation in the riot, Mijares was charged by criminal complaint on September 5, 2023, and arrested on September 8, 2023. ECF Nos. 1, 6. The complaint charges Mijares with violations of 18 U.S.C. § 231 (Civil Disorder), § 1752(a)(1) (Entering or Remaining in Any Restricted Building or Grounds), and 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds).

Magistrate Judge Meriweather set Mijares' conditions of release ("Order Setting Conditions of Bond") on September 19, 2023, at the initial status conference in Washington, D.C. ECF No. 9. Prior to the initial status conference, the Pretrial Services Agency prepared a pretrial services report, which included a recommendation that Mijares not be allowed to possess weapons. ECF No. 8 at 1. The report also indicated Mijares had prior arrests, *id.* at 1, including for a failure to appear charge with no available disposition information, *id.* at 5. At the initial appearance, consistent with Pretrial's recommendation, the government requested that Mijares not be permitted to possess weapons while on pretrial release, and the Court granted that request.

On October 30, 2023, Mijares filed his motion to modify conditions of release, requesting the Court permit him to possess a bow and arrows for hunting. ECF No. 11 at 1.

## **ARGUMENT**

Under the Bail Reform Act, if a judicial officer determines that release under two standard conditions (not committing crimes and cooperating in the collection of DNA) "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community," the judicial officer may impose additional conditions. 18 U.S.C. §§ 3142(b), (c)(1). In that event, the judicial officer shall release the defendant "subject to the least restrictive further condition, or combination of conditions" that "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). These conditions may include prohibiting the defendant "from possessing a firearm, destructive device, or other dangerous weapon." 18 U.S.C. § 3142(c)(1)(B)(viii).

To determine the appropriate conditions of release, the court considers (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence"; (3) "the history and

characteristics" of the defendant and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release." 18 U.S.C. § 3142(g).

Mijares argues that his request to modify his conditions to effectively permit him to possess a dangerous weapon during his pretrial release is justified because he is an "avid bow hunter" and the condition is "unnecessary." ECF No. 11 at 2. Mijares also references former President Trump's indictment in this district and the lack of a weapons restriction in that case.

The condition is far from unnecessary. Mijares is charged with participating in violent activity at the U.S. Capitol on January 6, 2021. These events were unprecedented. The attack "was an assault on the Capitol, and it was an assault on democracy." *United States v. Paul Hodgkins*, 21-cr-0188. (RDM), Tr. At 71. It resulted in significant injuries to law enforcement officers who were protecting the Capitol and members of Congress from the mob.

The prohibition from possessing a weapon of any kind is specifically pertinent to this defendant considering his extensive participation in the violent events at the Capitol, including leading the charge of rioters into the Tunnel—all while Mijares was equipped with tactical equipment suggesting he was prepared for a dangerous riot: a gas mask and a green/tan tactical vest. *See* ECF No. 1-1 at 4. The weight of the evidence demonstrating these facts is strong. Mijares' extensive participation in the violence in the Tunnel between 2:41 p.m. and 3:19 p.m. is well-captured on video.

The Court must also consider the danger to the community that would be posed by allowing Mijares to possess a bow and arrows.[1] To begin, Mijares' actions on January 6—namely his attack on law enforcement officers while wearing a gas mask and tactical vest—all suggest Mijares came

---

[1] Mijares' motion fails to specify precisely what type of bow he intends to possess should his conditions be modified. Whether a bow is a recurve bow, longbow, compound bow, or crossbow all present differing factors of dangerousness that would be important for the Court to consider.

5

to the U.S. Capitol expecting and intending to use violence. A defendant who planned for an attack on the seat of our government poses a clear danger and should not be permitted access to weapons of any kind. Second, allowing pretrial defendants to possess weapons creates potential danger for the pretrial services officers tasked with visiting the defendants' homes during the period of supervision. And other alternatives exist for Mijares to participate in "recreation and socialization," ECF No. 11 at 2, that do not increase the risk to pretrial services officers or the public.

Finally, Mijares' reference to former President Trump's case is unavailing. President Trump is a high-profile protectee of the Secret Service, who obviously are well-armed at all times. Moreover, President Trump is also not charged with engaging in violence at the Capitol on January 6, 2021.

## Conclusion

For these reasons, the government respectfully requests that the Court deny Mijares' motion to modify his pretrial conditions to permit him to possess a bow and arrows.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    D.C. Bar No. 481052

By:    */s/ Nathaniel K. Whitesel*
NATHANIEL K. WHITESEL
Assistant United States Attorney
DC Bar No. 1601102
601 D Street NW
Washington, DC 20530
nathaniel.whitesel@usdoj.gov
(202) 252-7759

*/s/ Kaitlin Klamann*
KAITLIN KLAMANN
Assistant United States Attorney
601 D Street NW
Washington, DC 20530
(202) 252-6778
Kaitlin.klamann@usdoj.gov
IL Bar No. 6316768